# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-1306V
UNPUBLISHED

| | |
|---|---|
| RENEE PAREDES, as Personal Representative for the Estate of Tomas Paredes,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                 Respondent. | Chief Special Master Corcoran<br><br>Filed: January 6, 2023<br><br>Special Processing Unit (SPU); Joint Stipulation on Damages; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Andrew Donald Downing*, Downing, Allison, & Jorgenson, Phoenix, AZ , for Petitioner.

*Martin Conway Galvin*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON JOINT STIPULATION[1]

On August 28, 2019, Tomas Paredes filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Mr. Paredes passed away in December 2021 and Renee Paredes was substituted a Petitioner in this case. ECF No. 56. The Petition alleges that Mr. Paredes suffered from Guillain-Barré Syndrome ("GBS") as a result of an influenza vaccination he received on September 8, 2016. Petition at 1; Stipulation, filed at January 6, 2023, ¶¶ 2, 4. Respondent denies that "Mr. Paredes suffered from GBS; denies that the vaccine caused Mr. Paredes' alleged illness; and denies that any of the alleged damages were caused by Mr. Paredes' vaccination, or any claimed vaccine-related illness." Stipulation at ¶6.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Nevertheless, on January 6, 2023, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

**A lump sum of $140,000.00 in the form of a check payable to Petitioner, as Personal Representative of the Estate of Tomas Paredes**. Stipulation at ¶8. This amount represents compensation for all items of damages that would be available under Section 15(a). *Id*.

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL
CLAIMS OFFICE OF SPECIAL MASTERS

---

RENEE PAREDES, as Personal Representative
for the Estate of Tomas Paredes,

        Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

No. 19-1306V
Chief Special Master Corcoran
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. Tomas Paredes filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to -34 (the "Vaccine Program"). On December 6, 2021, Mr. Paredes died. On January 19, 2022, Renee Paredes, as Personal Representative of the Estate of Tomas Paredes ("petitioner"), was substituted as the petitioner in this case. The petition seeks compensation for injuries allegedly related to Mr. Paredes' receipt of influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Mr. Paredes received the flu vaccine on September 8, 2016.

3. The vaccine was administered within the United States.

4. Petitioner alleges that Mr. Paredes suffered Guillain-Barré syndrome ("GBS") as a result of the flu vaccine.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of Mr. Paredes' condition.

1

6.   Respondent denies that Mr. Paredes suffered from GBS; denies that the vaccine caused Mr. Paredes' alleged illness; and denies that any of the alleged damages were caused by Mr. Paredes' vaccination, or any claimed vaccine-related illness. There has been no claim that Mr. Paredes' death was a result of the flu vaccine or a vaccine-related injury.

7.   Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.   As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$140,000.00** in the form of a check payable to petitioner, as Personal Representative of the Estate of Tomas Paredes, representing compensation for all damages that be available under 42 U.S.C. § 300aa-15(a).

9.   Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

10.   Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

12. Petitioner represents that she presently is duly authorized to serve as Personal Representative of the Estate of Tomas Paredes, under the laws of the State of Arizona. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as Personal Representative of the Estate of Tomas Paredes. If petitioner is not authorized by a court of competent jurisdiction to serve as Personal Representative of the Estate of Tomas Paredes at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the Estate of Tomas Paredes, upon submission of written documents of such appointment to the Secretary.

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and as personal representative of the Estate of Tomas Paredes, and on behalf of the Estate, and Mr. Paredes' heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury

Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Tomas Paredes resulting from, or alleged to have resulted from, the flu vaccination administered on September 8, 2016, as alleged by Mr. Paredes in a petition for vaccine compensation filed on or about August 28, 2019, in the United States Court of Federal Claims as petition No. 19-1306V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Mr. Paredes'

4

alleged injury or any other injury or his current disability.

      18.    All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

**PETITIONER:**

*/s/ Renee Paredes*

RENEE PAREDES, as Personal
Representative of the Estate of
Tomas Paredes

**ATTORNEY OF RECORD FOR PETITIONER:**

*/s/ Andrew D. Downing*

ANDREW D. DOWNING
3030 N. Central Avenue, Suite 507
Phoenix, Arizona 85012
Tel: (480) 701-0999
Email: adowning@daj-law.com

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

George R. Grimes -S14
Digitally signed by George R. Grimes -S14
Date: 2022.12.07 09:42:26 -05'00'

CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane
Rockville, MD 20857

Dated 1/6/23

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*/s/ Heather L. Pearlman*

HEATHER L. PEARLMAN
Deputy Director
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR RESPONDENT:**

*/s/ Martin C. Galvin*

MARTIN C. GALVIN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 305-3071
Email: Martin.Galvin@usdoj.gov

6