# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1306V
(not to be published)

| | |
|---|---|
| RENEE PAREDES, as personal, Representative for the Estate of Tomas Paredes,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: April 28, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates |

*Andrew Donald Downing*, Downing, Allison & Jorgenson, Phoenix, AZ, for Petitioner.

*Martin Conway Galvin*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

  On August 28, 2019, Tomas Paredes filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Mr. Paredes passed away in December 2021 and Renee Paredes was substituted a Petitioner in this case. ECF No. 56. The Petition alleged that Mr. Paredes suffered from Guillain-Barré syndrome as a result of an influenza vaccine he received on September 8, 2016. Petition at 1. On January 6, 2023, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. ECF No. 74.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated February 4, 2023, (ECF No. 78), requesting an award of $53,374.07 (representing $51,867.00 in fees and $1,507.07 in costs). In accordance with General Order No. 9, counsel for Petitioner represents that he incurred no out-of-pocket expenses. *Id.* at 8. Respondent reacted to the motion on February 9, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded at the Court's discretion. ECF No. 80. Petitioner did not file a reply.

On February 14, 2023, Petitioner filed a supplemental motion for attorney fees and costs. ECF No. 81. Petitioner requests an additional $2,695.00 in attorney fees and $441.22 in costs incurred in preparation of probate proceedings following the death of Tom Paredes – raising the total amount of fees and costs requested to $56,510.29.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees

and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests compensation for attorney Andrew D. Downing at the rates of $385 per hour for time billed in 2018-21, and the rate of $445 for 2022. ECF No. 39-1 at 17 -18, 31. Additionally, Petitioner request the following rates for Courtney Jorgenson:[3] $275 per hour for 2020-21, and $345 per hour for 2022. *Id.* For attorney Ann Allison, Petitioner requests the rate of $415 per hour for time billed in 2022. *Id.* Mr. Downing and Ms. Jorgenson have previously been awarded the requested rates for the 2018-21 time period, and I find no reason to deviate from them. The requested rate for Ms. Allison is also reasonable based on her overall legal experience.

However, the requested 2022 rates for Mr. Downing and Ms. Jorgenson are inconsistent with rates that have been previously awarded for their work. *See Einweck v. Sec'y of Health & Hum. Servs.*, No. 20-559V, 2022 WL 3011016 (Fed. Cl. Spec. Mstr. June 24, 2022); *Thoma v. Sec'y of Health & Hum. Servs.*, No. 19-1848V, 2022 WL 3573421 (Fed. Cl. Spec. Mstr. July 14, 2022) (awarding rate of $415.00 and $325 respectively, for time billed in 2022). The rates requested for 2022 appear to reflect a mid-year rate increase of $30.00 for Mr. Downing and $20.00 for Ms. Jorgenson. The size of the proposed increases are not *per se* objectionable, but it is not the practice of the OSM to afford mid-year rate increases to attorneys under any circumstances.

I shall therefore reduce the requested 2022 rates for Mr. Downing and Ms. Jorgenson to those which were previously awarded. This reduces the amount of attorney's fees to be awarded by **$190.00**.[4]

Petitioner's supplemental motion for attorney fees requests compensation for attorney Ryan Talamante at the rate of $385.00 per hour for time billed in 2022. Independent research performed by this office confirms that Mr. Talamante has been licensed to practice law since 1993, placing him in the range of attorneys with 20 – 30 years' experience for his time billed – but he is not licensed in the Court of Federal

---

[3] This is the married name for attorney Van Cott.

[4] This amount consists of ($445 - $415 = $30 x 6.2hrs = $186.00) + ($345 - $325 = $20 x 0.20hrs) = $190.00.

3

Claims.[5] An attorney who is not admitted to practice before this Court is not eligible to collect fees at an admitted attorney's rate for his work. *See Underwood v. Sec'y of Health & Human Servs.,* No. 00-357V, 2013 WL 3157525, (Fed. Cl. Spec. Mstr. May 31, 2013). As such, the time billed by Mr. Talamante must be compensated at non-attorney rates.

For that reason, I shall reduce Mr. Talamante's requested rates from $385 per hour to the rates of $177 per hour for time billed in 2022, and $186 per hour for time billed in 2023. These rates are more in line to that of a supporting paralegal in the Vaccine Program. This results in a reduction of the attorney fees requested in amount of **$1,446.10**.[6]

## ATTORNEY COSTS

Petitioner requests $1,948.29 in overall costs. ECF No. 78 at 5 and 81-1 at 3. This amount is comprised of obtaining medical records, shipping, Probate costs, and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall therefore award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$54,874.19** (representing $52,925.90 in fees and $1,948.29 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Andrew D. Downing. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[7]

**IT IS SO ORDERED.**

                                               **s/Brian H. Corcoran**
                                               Brian H. Corcoran
                                               Chief Special Master

---

[5] https://www.avvo.com/attorneys/85004-az-ryan-talamante-407055.html

[6] This amount consists of ($253 - $163 = $90 x 33.75 = $3,037.50) + ($266 – 172 = $94 x 42.55 hrs = $3,999.70) = $7,037.20.

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.